1  Tyler R. Andrews (SBN CA 250686)
   GREENBERG TRAURIG, LLP
2  3161 Michelson Drive, Suite 1000
   Irvine, California 92612
3  Telephone: 949.732.6500
   Facsimile: 949.732.6501
4  andrewst@gtlaw.com

5  Attorneys for Defendant LANTERN CREDIT, LLC

6
7
                    UNTED STATES DISTRICT COURT
8
                   CENTRAL DISTRICT OF CALIFORNIA
9
10

11 APOLLO ENTERPRISE SOLUTIONS, INC., a California corporation,    CASE NO. CaseNumber

12              Plaintiff,    **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1338, 1441 and 1454**

13 v.

14 LANTERN CREDIT, LLC, F/K/A NEW ENGLAND FUNDING    **[28 U.S.C. §§ 1338, 1441, 1446, 1454]**

15 TECHNOLOGIES, LLC, a Delaware limited liability corporation; and DOES    Los Angeles County Superior Court
                                                                           Case No. NC061050
16 1-10, inclusive,

17              Defendants.    Action Filed:  February 17, 2017
                               Action Removed: March 24, 2017
18
19
20
21
22
23
24
25
26
27
28

---
1
NOTICE OF REMOVAL OF ACTION

OC 287663715v3

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that Defendant, Lantern Credit, LLC, f/k/a New England Funding Technologies, LLC (hereinafter "Lantern" or "Defendant/Counterclaimant") hereby removes to this Court the state court action described below (the "Action") pursuant to 28 U.S.C. § 1338, 28 U.S.C. § 1441(a), 28 U.S.C. § 1446, and 28 U.S.C. § 1454. By way of this notice Lantern provides the required "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).[1] Lantern will supplement this filing with any necessary evidence in the event any challenge is raised to the Court's jurisdiction. To date, Lantern is the only named and served defendant in the Action.

## I.  FILING AND SERVICE OF THE COMPLAINT AND COUNTERCLAIMS.

**1.** On February 17, 2017, Plaintiff Apollo Enterprise Solutions, Inc. ("Apollo" or "Plaintiff/Counterdefendant") filed a Complaint in the Superior Court for the County of Los Angeles, captioned *Apollo Enterprise Solutions, Inc. v. Lantern Credit, LLC, f/k/a New England Funding Technologies, LLC*, Case No. NC061050. A copy of Apollo's Complaint is attached hereto as **Exhibit 1**.

**2.** On February 22, 2017, Apollo served Lantern via service to its registered agent. A copy of the Notice of Service of Process is attached hereto as **Exhibit 2**.

**3.** Apollo's Complaint asserts claims for breach of contract, account stated, services rendered, and open book. Apollo's causes of action are each premised on the parties' Master Services Agreement, which granted Lantern an exclusive worldwide license to use and commercially exploit Apollo's patents.

**4.** On March 24, 2017, Lantern filed its Counterclaim in the Action. Lantern

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012).

asserts claims for (1) declaration of patent invalidity; (2) declaration of non-infringement; (3) fraudulent inducement; (4) unjust enrichment; (5) breach of contract; (6) breach of covenant of good faith and fair dealing; and (7) money had and received. Lantern's claims are also a direct result of the parties' dispute over the validity, enforceability, and value of the Apollo patents licensed under the Master Services Agreement and related services.

## II. LANTERN'S COUNTERCLAIMS SUPPORT FEDERAL JURISDICTION OVER THIS ENTIRE MATTER.

5. Lantern's counterclaims seek a declaration of patent invalidity, a declaration of patent non-infringement, a finding of fraudulent misrepresentations regarding patent rights, and related claims. Each of Lantern's causes of action arise directly under or involve substantial questions of federal patent law. *See* Counterclaim, attached hereto as Exhibit 3. As such, federal subject matter jurisdiction is proper over this entire matter.

6. Pursuant to 28 U.S.C. § 1454, removal is proper in a civil action "in which *any party* asserts a claim for relief arising under any Act of Congress relating to patents…" *See* 28 U.S.C. § 1454 (emphasis added). Unlike removal under 28 U.S.C. § 1441(a), which primarily assesses the plaintiff's initial claims, Section 1454 permits removal by way of a defendant's counterclaims. *See generally Busch v. Jakov Dulcich & Sons LLC,* No. 15–CV–00384–LHK, 2015 WL 3792898, at *5 (N.D. Cal. June 17, 2015) ("Section 1454 serves as an exception to the general rule that federal question jurisdiction exists only when the plaintiff's complaint includes a cause of action arising under federal law.")

7. Here, Lantern's counterclaims arise under and involve questions of federal law. Indeed, declaratory judgment for non-infringement and patent invalidity arise directly under federal patent law. *See, e.g.*, *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1367 (Fed. Cir. 2002) (collecting authorities); *Alexsam*, 2015 WL 6520917, *3 (where defendants had sufficiently alleged patent counterclaims, removal is proper). "No State court shall have jurisdiction over any claim for relief arising under any Act of Congress

relating to patents." *See* 28 U.S.C. § 1338

**8.** Further, even Lantern's non statutory counterclaims depend upon substantial questions of federal patent law for their resolution. For example, Lantern alleges that Apollo fraudulently induced Lantern to enter into an agreement for an exclusive worldwide license of Apollo's patents based on false representations of exclusivity and validity, and that Apollo breached the Master Services Agreement by licensing its purportedly exclusive patents to another entity conducting business in the same industry.

**9.** All primary issues to be decided in this civil action over the Master Services Agreement depend upon substantial questions of patent law for their resolution. Even assuming any claims of either party do not invoke questions of federal law, this Court can exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367,

**10.** Accordingly, this entire action may be properly removed to this Court pursuant to 28 U.S.C. § 1454.

### III. APOLLO'S COMPLAINT SUPPORTS FEDERAL JURISDICTION OVER THIS ENTIRE MATTER.

**11.** While this Court's jurisdiction over the entire matter is established under 28 U.S.C. § 1454, this Court may also invoke federal jurisdiction pursuant to 28 U.S.C. § 1441(a). Under this statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

**12.** This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1338, which provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents…" and that, "no State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents." *See* 28 U.S.C. § 1338.

**13.** Although Apollo's complaint does not contain a direct statutory patent claim, "[u]nder 28 U.S.C. § 1338(a), district courts can exercise jurisdiction over claims

for relief created by federal patent law *and* claims for relief whose resolution depends on a substantial question of federal patent law." *See Alexsam, Inc. v. Green Dot Corporation*, 2:15–cv–05742–CAS(PLAx), 2015 WL 6520917, *3 (C.D. Cal. 2015) (emphasis added)[2].

14.   Courts have held that breach of contract actions raise a question of federal patent law where the resolution of the contract claims may depend on analysis of patent infringement or patent validity. "The test is whether a 'well-pleaded complaint' establishes 'either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.'" *Id.*, quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808–09 (1988).

15.   Likewise, where a determination of whether an agreement was breached will require the court to interpret patents, federal jurisdiction is proper. *Id.*; *see generally Jang v. Boston Scientific Corp.*, 767 F.3d 1334 (Fed. Cir. 2014) (finding "arising under" jurisdiction where the court "may be called upon to determine the extent to which validity is made relevant to the resolution of the breach-of-contract claim by the language of the contract itself."); *U.S. Valves, Inc. v. Dray*, 212 F.3d 1368, 1372 (Fed. Cir. 2000) (claims arose under federal patent law where the license agreement provided for exclusive rights regarding the licensed product, and resolving the claims would require whether the patents at issue were infringed); *Levi Strauss & Co. v. Aqua Dynamics Sys., Inc.* 15-CV-04718-WHO, 2016 WL 1365946, at *5 (N.D. Cal. Apr. 6, 2016) (holding a breach of contract claim based on failure to pay patent royalties required plaintiff to prove that the process at issue was covered by a valid and enforceable patent).

---

[2] "[M]erely because a claim makes no reference to federal patent law does not necessarily mean the claim does not "arise under" patent law. Just as 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint,' … so a plaintiff may not defeat § 1338(a) jurisdiction by omitting to plead necessary federal patent-law questions." *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809, n. 3, 108 S. Ct. 2166, 2174 (1988) (internal citations omitted).

**16.** Here, Apollo's Complaint for breach of contract and related claims falls into the Section 1441 category. The primary purpose of the agreement between the parties was the grant of an exclusive worldwide license to Lantern to use and commercially exploit Apollo's patents. Indeed, the vast majority of the more than $2 million in damages sought in Apollo's complaint is comprised of allegedly due and owing patent license fees.

**17.** Apollo's claims are contingent upon the primary patents in its portfolio remaining legally valid and enforceable. An element of any breach of contract claim is that the plaintiff itself is not in breach of the agreement. Here, Apollo alleges in its complaint that it has "performed, and continues to perform, all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Master Services Agreement…." *See* Complaint, Exhibit 1, at ¶ 16. Any proof in support of this allegation will necessarily involve substantial questions of federal patent law going to the heart of the litigation, including whether Apollo's patents are valid, enforceable, exclusive, and provided adequate consideration for the sums demanded from Lantern.

**18.** Accordingly, this entire action may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

## IV. THIS COURT MAINTAINS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS.

**19.** If this Court finds that it does not have original jurisdiction over any claim or counterclaim, this Court should exercise supplemental jurisdiction over the same. For the reasons discussed above, the claims in this action are "so related to claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367.

## V. THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED.

**20.** *Removal is timely*. This notice of removal is timely, as it is within 30 days of service of this Action on Lantern. Apollo served Lantern with the Complaint on February 22, 2017. Lantern filed this notice of removal thirty days later, on March 24, 2017.

21. **All Defendants Consent**. All defendants who have been properly joined and served consent to the removal of this Action. Although there are "Doe Defendants," Lantern is the only named and served defendant in this Action at this time.

22. **Venue is Proper**. The instant Action was filed in the Superior Court of the State of California for the County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1391, and 1441(a), and through the agreement of the parties.

23. **State Court Service.** Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiffs' Counsel of Record and a copy of the Notice of Removal will be promptly filed with the Clerk of the Los Angeles County Superior Court.

24. **Pleadings, Process and Orders Attached.** Pursuant to 28 U.S.C. § 1446(d), attached hereto as **Exhibits 1** and **2** are a copy of all process, pleadings, and orders served upon Lantern in the Action. Attached as **Exhibit 3** is Lantern's Answer and Counterclaim in the Action.

## VI.  STATEMENT OF REMOVAL AND RESERVATION OF RIGHTS.

25. For all of the foregoing reasons, the Action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

26. By this filing, Lantern does not admit any liability, does not concede the accuracy of Apollo's allegations, and does not concede that Apollo is entitled to any of the relief sought in the Complaint or relief of any kind.

///
///
///
///
///
///

7
NOTICE OF REMOVAL OF ACTION

**27.** If any questions arise as to the propriety of this removal, Lantern requests the opportunity to brief any disputed issues and to present evidence and oral argument in support of its position that the case is properly removed.

DATED: March 24, 2017          GREENBERG TRAURIG, LLP

By  */s/ Tyler R. Andrews*
Tyler R. Andrews
Attorneys for Defendant LANTERN CREDIT, LLC